UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 1:11-cr-195-01

TOBIAS JOHN-MAXWELL DEATRICK,

    Hon. Hala Y. Jarbou

    Defendant.
_____/

## OPINION

Defendant Tobias John-Maxwell Deatrick is a prisoner proceeding pro se. On April 5, 2022, Deatrick filed a motion under 28 U.S.C. § 2244(b) in the Sixth Circuit for leave to file a second or successive motion under 28 U.S.C. § 2255 (ECF No. 103-1). On May 3, 2022, while his § 2244(b) motion was still pending in the Sixth Circuit, Deatrick filed a § 2255 motion in this Court. Finally, on August 2, 2022, the Sixth Circuit denied Deatrick's § 2244(b) motion as unnecessary and transferred it to this court for consideration as a motion to amend his § 2255 motion. (8/2/2022 6th Cir. Order, ECF No. 109.) Accordingly, two motions are before the Court: the § 2255 motion (ECF No. 105) and the § 2244(b) motion, construed as a motion to amend (ECF No. 111). For the following reasons, the Court will deny both motions.

### I. BACKGROUND

In 2011, Deatrick was indicted on one count of being a felon in possession of a firearm under 28 U.S.C. § 922(g)(1), three counts of attempting to intimidate a witness, and one count of conspiracy to intimidate a witness. (Superseding Indictment, ECF No. 13, PageID.15-18.) On January 3, 2012, Deatrick pleaded guilty to being a felon in possession of a firearm, and the Government dismissed the four remaining counts. (Plea Agmt. ¶ 1, ECF No. 50.) The plea

agreement included a waiver of appeal and collateral attack.  (*Id.* ¶ 6.)  However, Deatrick retained the right to challenge a sentence that exceeded the statutory maximum.  (*Id.* ¶ 10.)

The plea agreement also advised Deatrick of the enhanced penalties he was subject to under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  (*Id.* ¶ 6.)  The ACCA imposes an enhanced sentence of 15 years to life in prison for a convicted felon in possession of a firearm who has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]"  *Id.* § 924(e)(1).  Deatrick was subject to this ACCA enhancement because three of his prior convictions for dealing drugs qualified as "serious drug offenses."  (PSR ¶ 112, ECF No. 65.)

At his change of plea hearing, Judge Bell reviewed the plea agreement and waiver with Deatrick, and Deatrick indicated that he understood he was giving certain rights away in his plea agreement.  (1/3/2012 Plea Tr. 8, ECF No. 76.)  In accordance with the ACCA enhancement, Deatrick was scored at a level 32 with a criminal history category VI, which established a guideline range of 210-262 months.  (PSR ¶ 150.)  On May 4, 2012, Judge Bell sentenced Deatrick to 210 months in prison with five years of supervised release.  (5/4/2012 J., PageID.346-347.)

On March 7, 2022, the Supreme Court decided *United States v. Wooden*, 142 S. Ct. 1063 (2022).  *Wooden* clarified the meaning of the ACCA's "occasions clause" and narrowed its scope by rejecting the Sixth Circuit's broad understanding of the term "occasion."  *Id.* at 1074.  Deatrick contends that his designation as a career offender under the ACCA is erroneous and contrary to law post *Wooden*.  (§ 2255 Mot., ECF No. 105, PageID.500.)

## II. STANDARD

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United states, the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum

authorized by law, or that it is otherwise subject to collateral attack." *Id.* To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). "To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a 'fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

After reviewing the briefings and record, the Court must determine whether an evidentiary hearing is warranted. If there is a factual dispute, then the Court "'must hold an evidentiary hearing to determine the truth of the [movant's] claims.'" *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (quoting *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)). An evidentiary hearing is "mandatory unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. ANALYSIS

#### A. Collateral Attack

As part of his plea agreement, Deatrick waived his right to appeal and collaterally attack his sentence. (Plea Agmt. ¶ 10). However, Deatrick retained his right to appeal a sentence that exceeds the statutory maximum. (*Id.*) It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable. *See Watson v. United* States, 165 F.3d 486, 489 (6th Cir. 1999). At issue is whether Deatrick's plea agreement may be enforced to bar his § 2255 motion to collaterally review a sentence that, according to Deatrick, exceeds the statutory maximum.

3

The Sixth Circuit has found that "an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded." *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006), *abrogated on other grounds by Cartwright v. United States*, 12 F.4th 572 (6th Cir. 2021).  But the Sixth Circuit in *Slusser v. United States*, 895 F.3d 437 (6th Cir. 2018) emphasized that "[t]he indication in *Caruthers* that appellate waiver does not preclude a collateral attack on an above-statutory-maximum sentence was *dicta*[.]"  *Id.* at 440.  The Court went on to hold that the plaintiff "waived his right to collaterally attack his sentence, including his designation as an armed career criminal" because "subsequent developments in this area of the law 'do[] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature.'"  *Id.* (quoting *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).

However, in *Vowell v. United States*, 938 F.3d 260 (6th Cir. 2019), the Sixth Circuit disagreed with *Slusser* and reaffirmed the principle from *Caruthers*.  There, the Sixth Circuit found "that a defendant or petitioner may challenge his sentence as being statutorily excessive based on a subsequent change in the law, even if the waiver [barring appeals and collateral attacks] was otherwise knowing and voluntary."  *Id.* at 268.

Most recently, the Sixth Circuit in *Portis v. United States*, 33 F.4th 331 (6th Cir. 2021) reversed course again.  In *Portis*, two individuals expressly and voluntarily waived their rights to appeal their convictions or to challenge their convictions through a post-conviction proceeding but reserved the right to appeal a sentence that exceeded the statutory maximum.  *Id.* at 334.  The Sixth Circuit found that "[t]he only fair reading of a 'statutory maximum' carve-out that comes with a collateral-attack waiver is that it applies only to sentences that exceed the statutory maximum at the time of the sentence."  *Id.* at 337.

The Sixth Circuit in *Portis* distinguished *Vowell* in two ways.  First, the Court noted that *Vowell* "did not involve an express qualification to its collateral-attack waiver for sentences that exceed 'the statutory maximum,'" and, thus, it "had no occasion to determine whether, in the context of a given plea agreement, such language refers to the law in place at the time of sentencing or covers changes to the law in the future." *Id.* at 339.  Second, "*Vowell* does not apply [because] it involved a dispute about changes in law that affect the statutory maximum under §§ 922(g) and 924(e), not changes in law that affect the elements of a crime under § 924(c)." *Id.*  The Sixth Circuit concluded that "[t]he decision thus had no reason to offer any guidance about what to do with today's case, in which a defendant waived his right to bring a § 2255 claim based on changes in law that affected the elements of a crime." *Id.*

The Government argues that, following *Portis*, Deatrick may not challenge his sentence under § 2255 because it did not exceed the statutory maximum at the time of sentencing.  (*See* Gov't's Resp. to § 2255 Mot., ECF No. 108, PageID.514.)  However, this case bears similarities to both *Vowell* and *Portis*.  As in *Portis*, Deatrick waived his right to appeal or collaterally attack his sentence, but expressly reserved the right to challenge a sentence that exceeded the statutory maximum.  But, unlike *Portis*, Deatrick is not bringing his § 2255 claim based on changes in law that affect the elements of his crime.  Rather, like *Vowell*, Deatrick pled guilty to being a felon in possession of a firearm under § 922(g) and challenges his categorization as a career offender under § 924(e).  The Sixth Circuit has not reconciled these two competing opinions.  Given the ambiguity in precedent, the Court declines to decide the collateral estoppel issue and will address the motion on its merits.

**B. Merits**

Deatrick bases his § 2255 motion on the Supreme Court's recent interpretation of the ACCA's "occasions clause" in *Wooden*.  The occasions clause provides that the "three previous

5

convictions . . . for a violent felony or a serious drug offense" must be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Because Deatrick incorrectly categorizes two separate drug dealing offenses as having occurred on the same occasion, his motion will be denied.

As an initial matter, the Court will assume Deatrick's motion is timely. 28 U.S.C. § 2255(f)(3) provides that a motion may be filed within a 1-year period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* Neither the Supreme Court nor the Sixth Circuit have expressly made *Wooden* retroactively applicable on collateral review.

However, "[n]ew *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms[.]" *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (citing *Bousley v. United States*, 523 U.S. 614, 620-21 (1998)); *see also In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020) (quoting *Schriro*, 542 U.S. at 351). In *Wooden*, the Supreme Court narrowed the ACCA's scope by rejecting the Sixth Circuit's broad understanding of the term "occasion." *Wooden*, 142 S. Ct. at 1071.

Moreover, "*Wooden* decided a matter of statutory interpretation." *Mitchell v. United States*, 43 F.4th 608, 617 (6th Cir. 2022). Other "new" statutory interpretations of the ACCA by the Supreme Court have been applied retroactively on collateral review. *See, e.g.*, *McCormick v. Butler*, 977 F.3d 521, 526 (6th Cir. 2020) (applying the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) retroactively because it provided a "new interpretation" of the ACCA); *Jones v. United States*, 689 F.3d 621, 626 (6th Cir. 2012) (holding that the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), which interpreted the term "violent felony" in the ACCA, was retroactively applicable on collateral review). Because

*Wooden* announced a new substantive interpretation of the ACCA, the Court will presume that it applies retroactively. Deatrick filed his motion within one year of the decision. Thus, the motion is timely.

Turning to the merits of Deatrick's motion, he contends that his designation as a career criminal under the ACCA is erroneous and contrary to the holding in *Wooden*. He argues that two of the three occasions which counted towards his ACCA enhancement should only be counted as one occasion.[1] However, Deatrick misidentifies which occurrences constituted occasions for his enhancement under the ACCA. Deatrick believes that one drug sale and one agreement for a future drug sale, both of which occurred on September 18, 2001, were counted as separate occasions for ACCA purposes. (§ 2255 Mot., PageID.500-501.) However, the occasions considered in applying the enhancement are two drug dealing offenses that occurred on *separate* days. On August 31, 2001, Deatrick sold five grams of cocaine to an undercover officer. (PSR ¶ 102.) On September 18, 2001, Deatrick sold another five grams of cocaine to an undercover officer. (*Id.* ¶ 103.) Deatrick was arrested for both drug deals on September 18, 2001. (*Id.*) He pled guilty to both deliveries on January 8, 2002, and was sentenced on February 5, 2002. (*Id.* ¶¶ 102-04.)

In *Wooden*, the Supreme Court noted that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Wooden*, 142 S. Ct. at 1071 (quoting *United States v. Rideout*, 3 F.3d 32, 35 (2d Cir. 1993)). "Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events." *Id.* Similarly, the Sixth Circuit has found that drug deals resulting from the same conspiracy that occurred fourteen days apart were nevertheless separate occasions for

---

[1] The third offense that was counted towards the ACCA enhancement is uncontested.

7

purposes of the ACCA. *See United States v. Pahm*, 872 F.3d 799, 802 (6th Cir. 2017). Here, eighteen days separated the first drug deal from the second. They constitute two separate occasions under *Wooden*.

Because the record conclusively shows that Deatrick is not entitled to relief, an evidentiary hearing is not required. *Pola*, 778 F.3d at 532. Deatrick was correctly classified as a career criminal under the ACCA, both at the time of sentencing and now in light of the Supreme Court's decision in *Wooden*. His § 2255 motion will be denied.

### C. Motion to Amend

Deatrick filed a § 2244(b) motion in the Sixth Circuit for leave to file a second or successive motion to vacate, set aside, or correct his sentence under § 2255. The Sixth Circuit denied Deatrick's motion and transferred it to this Court for consideration as a motion to amend the pre-existing § 2255 motion.

"[A] motion to amend a § 2255 motion is generally governed by the Federal Rules of Civil Procedure[.]" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (citing *Oleson v. United States*, 27 F. App'x 556, 568 (6th Cir. 2001)). Federal Rule of Civil Procedure 15 provides that in cases where a responsive pleading has already been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In evaluating the interests of justice, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Because the motion to amend does not contain new or different claims from the § 2255 motion, it will be denied as futile. It would not change the disposition of Deatrick's § 2255 motion.

8

## IV. CONCLUSION

For the reasons stated above, Deatrick's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied. Deatrick's motion to amend is duplicative of his § 2255 motion and will also be denied. An order will enter consistent with this opinion.

Dated: April 17, 2023                             /s/ Hala Y. Jarbou
                                                      HALA Y. JARBOU
                                                     CHIEF UNITED STATES DISTRICT JUDGE